MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
FAX No.: (212) 637-2717

RECEIVED
JAN 0 7 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

CASE CONSTRUCTION CO., INC.            :

                        Plaintiff,     :

            -against-                  :

TEAMS HOUSING DEVELOPMENT FUND         :
COMPANY, INC. HARLEM TEAMS FOR
SELF-HELP, INC. HOWARD LOEWENTHEIL,    :
INC., UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT, NEW     :
YORK STATE WORKER'S COMPENSATION
BOARD,                                 :

                        Defendants.    :

--------------------------------------------------------------------x

**JUDGE JONES**

NOTICE OF REMOVAL
08 Civ.

**08 CV 0129**

PLEASE TAKE NOTICE that defendant United States of America (the "United States") by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby removes the above-referenced action to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

1.      On or about November 14, 2007, plaintiff Case Construction Co. (the "plaintiff"), filed a complaint in the Supreme Court of the State of New York, County of New York. A copy of the complaint is attached hereto as Exhibit A.

2.      Plaintiff alleges that on June 27, 2006, it filed "a notice under the

Mechanic's Lien" against the property located at 144 West 139[th] Street, New York, New York (the "property"), in the amount of $500,000.00 for unpaid labor and material.  See Complaint ¶¶22 and Exhibit A.

3.  Plaintiff named the United States Department of Housing and Urban Development as a defendant and seeks to foreclose any claim, lien or interest it may have on the property.  See Complaint ¶ 3, p 10.

4.  Because this Court has jurisdiction, pursuant to 28 U.S.C. § 2410(a)(2), of civil actions against the United States to foreclose a mortgage or lien, with respect to real or personal property on which the United States has or claims a lien, the action may be removed to this Court pursuant to 28 U.S.C. § 1444.

Dated: New York, New York

January 7, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant
 United States of America

By:  _Kathy J. Zebrowski_

KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------X

CASE CONSTRUCTION CO., INC.,

                        Plaintiff,

        - against -

TEAMS HOUSING DEVELOPMENT FUND
COMPANY, INC., HARLEM TEAMS FOR
SELF-HELP, INC., HOWARD LOEWENTHEIL,
INC., UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT, NEW
YORK STATE WORKER'S COMPENSATION BOARD
and NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD,
                        Defendants.

-----------------------------------------X

Index No. _11521/07_

Plaintiff designates
New York County as
the place of trial

**SUMMONS**

The basis of the
venue is the
location of the
real property

The real property
is located at
144 West 139th St
New York, NY

FILED: _NOV 14 2007_

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this
action and to serve a copy of your answer, or, if the complaint
is not served with this summons, to serve a notice of
appearance, on the Plaintiff's attorney(s) within 20 days after
the service of this summons, exclusive of the day of service (or
within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will
be taken against you by default for the relief demanded in the
complaint.

Dated:    East Meadow, New York
          November 5, 2007

NEW YORK
COUNTY CLERK'S OFFICE
NOV 14 2007
NOT COMPARED

COPY RECEIVED
DEC 7 2007
U.S. ATTORNEY'S SDNY

1942065.1

Yours, etc.

CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____
JAMES A. ROSE, ESQ.
Attorneys for Plaintiff
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
(516) 296-7000

Defendants' addresses:

Teams Housing Development Fund Company, Inc.
457 West 141st Street
New York, New York 10031

179 West 137th Street
New York, New York 10030

Harlem Teams For Self-Help, Inc.
179 West 137th Street
New York, New York10030

Howard Loewentheil, Inc.
2365 Boston Post Road
Suite 104
Larchmont, New York 10538

United States Department of
Housing and Urban Development
86 Chambers Street, 3rd Floor
New York, New York 10007

451 7th Street S.W. (via certified mail return receipt requested)
Washington, DC 20410

New York State Worker's Compensation Board
20 Park Street, Room 400
Albany, New York 12207

New York City Environmental Control Board
66 John Street, 10th Floor
New York, New York 10038

2

1942065.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------X

CASE CONSTRUCTION CO., INC.,

                    Plaintiff,

        - against -

TEAMS HOUSING DEVELOPMENT FUND
COMPANY, INC., HARLEM TEAMS FOR
SELF-HELP, INC., HOWARD LOEWENTHEIL,
INC., UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT, NEW YORK STATE
WORKER'S COMPENSATION BOARD and
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD,

                 Defendants.

--------------------------------------------X

Index No. *115211/c*

**VERIFIED
COMPLAINT**

    Plaintiff Case Construction Co. Inc. by its attorneys Certilman Balin Adler & Hyman, LLP as and for its verified complaint against defendants Teams Housing Development Fund Company, Inc., Harlem Teams For Self-Help, Inc., Howard Loewentheil, Inc., United States Department of Housing and Urban Development, New York State Worker's Compensation Board and New York City Environmental Control Board alleges upon information and belief and at all times hereinafter mentioned as follows:

### THE PARTIES

    1. Plaintiff Case Construction Co., Inc. ("Case Construction") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

2.   Defendant Teams Housing Development Fund Company, Inc. ("Teams") is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.   Defendant Harlem Teams for Self-Help, Inc. is domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

4.   Defendant Howard Loewentheil, Inc. is domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.   Defendant United States Department of Housing and Urban Development ("HUD") is a federal agency with offices in the State of New York.

6.   Defendant New York State Worker's Compensation Board is a State subdivision and/or agency.

7.   Defendant New York City Environmental Control Board is a City administrative tribunal and/or law court.

## AS AND FOR A FIRST CAUSE OF ACTION

8.   Plaintiff repeats and realleges each and every allegation above.

9.   Defendant Teams was and is the owner of the land and premises located at 144 West 139th Street, New York, New York, designated on the tax map as Block 2007, Section 7, Lot 61 (the "Property").

2

1942065.1

10. On or before July 11, 2005, Teams entered into an agreement with Case Construction pursuant to which Case Construction agreed to perform the general demolition and construction of the Property in consideration for agreed upon terms.

11. On or about July 11, 2005, Case Construction commenced its performance of the work at the Property.

12. The terms of said agreement between the parties were reduced to a written agreement dated November 17, 2005 (the "General Contract").

13. Case Construction continued to perform its work as aforesaid under the terms of the General Contract until February 26, 2006.

14. During the course of performance of the work under the General Contract, and in accordance with the terms thereof, pursuant to the specific instance and request of Teams, Case Construction performed additional work, labor and services outside the scope of work identified in the General Contract.

15. Case Construction performed solely and completely all work under the scope of work of the General Contract which Teams permitted and directed it to perform and all additional work, labor and services which Teams requested it to perform, except to the extent that Case Construction was prevented and/or excused from completing said work by virtue of the actions of

3

Teams.

16. By reason of the foregoing, Case Construction was entitled to payment for the agreed price and reasonable value of its work at the Property in the amount of $500,000.

17. In breach of its obligations under the General Contract, Teams failed to and refused to remit sums to Case Construction in accordance with, and required by, the terms and conditions of the General Contract.

18. The sums due to Case Construction are on account of labor and materials furnished and supplied for which the benefit was retained by Teams, and all said labor and materials actually used in connection with the demolition, construction, renovations and improvements to the Property.

19. All of the labor, materials and construction work for demolition, construction, renovations and improvements referred to herein on the Property were performed by Case Construction with the knowledge and consent of Teams.

20. No part of the sums due on account of the General Contract and the agreed price and reasonable value of the sum of $500,000 have been paid leaving a balance due and owing from Teams to Case Construction of $500,000 plus interest.

21. Payment has been duly demanded and Teams has failed or refused to remit same. Teams was actually indebted to Case Construction for said sum at the time of the filing of the

4

Notice under Mechanic's Lien Law hereinafter referred to.

22. On June 27, 2006, within eight (8) months after the final performance of work and furnishing of material dating from the last item of work performed and materials furnished, Case Construction caused to be duly filed in the office of the Clerk of New York County and the same was duly entered and docketed therein, a notice under Mechanic's Lien Law ("Mechanic's Lien") in due form, a copy of which is annexed hereto as Exhibit "A" and is made a part hereof as if fully set forth herein at length.

23. By request for an extension filed with the New York County Clerk by Case Construction, said Mechanic's Lien was continued for one (1) year on June 20, 2007.

24. Case Construction's Mechanic's Lien has not been paid, canceled or discharged and no other action or proceeding at law or in equity has been brought by Case Construction for the foreclosure thereof.

25. Case Construction's Mechanic's Lien was duly served upon Teams within thirty (30) days subsequent to its filing in the Office of the Clerk of New York County and proof of service of said Mechanic's Lien upon Teams was duly filed in the Office of The Clerk of New York County.

26. Some of the defendants herein may have a claim to or have some interest or lien upon the Property which interest or

5

1942065.1

lien, if any, is subsequent to and subordinate to Case Construction's Mechanic's Lien.

### AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff repeats and realleges each and every allegation above.

28. By reason of the foregoing, Teams breached the General Contract and is liable to Case Construction for the sum of $500,000 plus interest.

### AS AND FOR A THIRD CAUSE OF ACTION

29. Plaintiff repeats and realleges each and every allegation above.

30. The fair and reasonable value of the work, labor and materials supplied by Case Construction to Teams was $500,000, no part of which has been paid leaving a balance due and owing of $500,000 by Teams to Case Construction plus interest.

### AS AND FOR A FOURTH CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation above.

32. As a result of the work, labor and services performed by Case Construction to perform the demolition, construction, renovations and improvements on the Property as herein above described, the value of the Property owned by Teams has been increased, benefited and been enhanced and Teams has been unjustly enriched in the sum of $500,000 plus interest on

6

1942065.1

account of the benefits conferred upon it by Case Construction, all of which have been accepted and retained by Teams and for which payment has not been made.

## AS AND FOR A FIFTH CAUSE OF ACTION

33. Plaintiff repeats and realleges each and every allegation above.

34. Among other things, the General Contract provided that Teams would issue change orders to Case Construction for work which Case Construction was directed and/or requested to perform, outside the scope and terms of the General Contract and that Teams would make payment for any all such changes in the work.

35. Among other things, the General Contract provided that Teams would issue to Case Construction extensions of time in which to perform its work and in such instances where Case Construction's ability to perform its work was delayed by matters beyond the control of Case Construction.

36. Among other things, the General Contract required that Teams make payment to Case Construction on account of its performance of work.

37. In material breach of its obligations under the General Contract, Teams failed to issue change orders to Case Construction, make payment to Case Construction on account of changes in the work, grant extensions of time to Case

7

1942065.1

Construction and make payment to Case Construction on account of work performed.

38. As a result of the foregoing, Case Construction declared Teams to be in material breach of the General Contract which thereby discharged Case Construction from any and all obligations otherwise existing under the General Contract.

39. By reason of the foregoing, Teams is indebted to Case Construction in the sum of $500,000 plus interest which Teams has failed and refused to pay despite due demand.

## AS AND FOR A SIXTH CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation above.

41. The General Contract provided that Case Construction would substantially complete its work within 210 days from the date of commencement as that term is defined in the General Contract.

42. Having already commenced its performance of the work by the time the General Contract was entered into, Case Construction was prevented from continuing work in an uninterrupted fashion and delayed in the performance of its work by virtue of the actions and inactions of Teams including but not limited to its failure to obtain necessary financing and to receive all necessary permits from governmental authorities having jurisdiction over the project.

8

1942065.1

43.    Subsequent to Case Construction's commencement of work and during the performance thereof, Case Construction's work was delayed by actions and inactions of Teams.

44.    During its performance of work, Case Construction was directed to perform extra work outside the scope and terms of the General Contract which impacted its ability to perform the unchanged work and/or affected its ability to perform its unchanged work within 210 days from the date of commencement.

45.    Case Construction requested extensions of time in such instances where same was appropriate and/or required by the General Contract.

46.    Teams failed and refused to grant Case Construction any extensions of time within which to perform its work.

47.    Teams expressly and constructively directed Case Construction to accelerate its work at the Property and complete the work in a time frame in advance of that required by the General Contract and/or the time within which Case Construction was entitled to perform as a result of the actions and inactions of Teams.

48.    As a result of the delays caused by Teams and its constructive and express direction to accelerate the work, Case Construction incurred additional costs, expenses and damages in the performance of the work.

49.    As a result of the foregoing, Case Construction has

9

been damaged in an amount which at present is being quantified but anticipated to be in excess of $500,000, the exact amount of which shall be computed at the trial and for which Teams is liable therefor.

WHEREFORE plaintiff Case Construction Co., Inc. demands judgment as follows:

### PURSUANT TO THE FIRST CAUSE OF ACTION

1. Adjudging and determining the equity of all the parties to this action and determining the validity, extent and priority of each and all of the liens and claims which may be presented and asserted herein;

2. Adjudging that Case Construction Co., Inc. by filing and causing the docketing of the Mechanic's Lien aforesaid, acquired a good and valid lien upon the interests of defendant Teams Housing Development Fund Company, Inc., as owner, for the agreed and reasonable value of the work performed to perform demolition, construction, renovations and improvements herein above described in the sum of $500,000 with interest thereon together with the costs and disbursements of this action and adjudging that said Mechanic's Lien has priority over all other liens and claims against the Property;

3. That Defendants, each of them, and all persons claiming by, through or under them, or any of them be forever foreclosed of all equity of redemption or other lien, claim or

10

1942065.1

interest in and to the Property;

4.    That the Property be sold, as provided by law, and that out of the proceeds of such sale, plaintiff Case Construction Co., Inc. be paid the amount of its lien aforesaid, and interest with the expenses of the sale and the costs and disbursements of this action; and that Case Construction Co., Inc., have a judgment against defendant Teams Housing Development Fund Company, Inc. for any deficiency which may then remain; and

5.    For such other and further and different relief as the court may deem just, proper and equitable.

### PURSUANT TO THE SECOND CAUSE OF ACTION

6.    Against defendant Teams Housing Development Fund Company, Inc. in the sum of Five Hundred Thousand ($500,000) Dollars with interest thereon together with the costs and disbursements of this action and for such other and further and different relief as the court may deem just, proper and equitable.

### PURSUANT TO THE THIRD CAUSE OF ACTION

7.    Against defendant Teams Housing Development Fund Co., Inc. in the sum of $500,000 with interest thereon together with costs and disbursements of this action and for such other and further and different relief as the court may deem just, proper and equitable.

11

1942065.1

### PURSUANT TO THE FOURTH CAUSE OF ACTION

8.   Against   defendant   Teams   Housing   Development   Fund Company, Inc. in the sum of Five Hundred Thousand ($500,000) Dollars with interest thereon together with the costs and disbursements of this action and for such other and further and different relief as the court may deem just, proper and equitable.

### PURSUANT TO THE FIFTH CAUSE OF ACTION

9.   Against defendant Teams Housing Development Fund Co., Inc.  in the sum of Five Hundred Thousand ($500,000) Dollars with interest thereon together with the costs and disbursements of this action and for such other and further and different relief as the court may deem just, proper and equitable.

### PURSUANT TO THE SIXTH CAUSE OF ACTION

10.  Against   defendant   Teams   Housing   Development   Fund Company, Inc. in the sum no less than but in excess of Five Hundred   Thousand   ($500,000)   Dollars   with   interest   thereon together with the costs and disbursements of this action and for such other and further and different relief as the court may deem just, proper and equitable.

12

1942065.1

Dated:       East Meadow, New York
             November 5, 2007

                          CERTILMAN BALIN ADLER & HYMAN, LLP


                          By:_____
                             JAMES A. ROSE, ESQ.
                             Attorneys for Plaintiff
                             90 Merrick Avenue
                             East Meadow, NY  11554
                             (516) 296-7000

                                    13

1942065.1

## VERIFICATION

STATE OF NEW YORK    )
COUNTY OF NEW YORK  )  SS.:

    **ALEXANDRA POULIDIS** being duly sworn deposes and says:

    1.   I am the Vice President of Plaintiff in the instant matter;

    2.   I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.  This verification is made by me because the above party is a corporation and I am an officer thereof.  The grounds of my belief as to all matters not stated upon my own knowledge are as follows: books, records, papers, and documents maintained by the corporation.

Alexandra Poulidis

SUBSCRIBED and sworn to before me
this 5 day of November, 2007

NOTARY PUBLIC

MELINA GAROUTSOS
NOTARY PUBLIC, STATE OF NEW YORK
No. 01GA6075497
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES JUNE 10, 20__

14

1942065.1

## NOTICE UNDER MECHANIC'S LIEN LAW

TO THE CLERK OF THE COUNTY OF NEW YORK:
AND TO ALL OTHERS TO WHOM IT MAY CONCERN:

      PLEASE TAKE NOTICE, that Case Construction Co. Inc., a New York corporation having its principal place of business at 36-31 22nd Street, Long Island City, New York 11706, as lienor, has and claims a lien for the principal and interest of the price and value of the labor and materials hereinafter mentioned upon the buildings and appurtenances and upon the real property upon which the same may stand, or be intended to stand, hereinafter described pursuant to the Lien Law of the State of New York and hereby states upon information and belief:

      1.    The name and address of lienor's attorneys are Bauman Katz & Grill LLP, 28 West 44th Street, Suite 900, New York, New York 10036, (212) 684-0300.

      2.    The owner of the real property is Teams Housing Development Fund Company Inc. and the interest of the owner as far as known to the lienor is owner in fee.

      3a.    The name of the person by whom the lienor was employed and with whom the contract was made is Teams Housing Development Fund Company, Inc.

      3b.    The name of the person to whom the lienor furnished materials and for whom the lienor performed services is Teams Housing Development Fund Company, Inc.

      4.    The labor and materials included, but were not limited to demolition and joist replacement services, joist materials and supplies.

      5.    The agreed price and value of the labor performed and materials furnished by the lienor is $2,162,822.55.

      6.    The amount unpaid to the lienor for said labor performed and material furnished is $500,000.00, for which amount this lien is filed.

7.      The date upon which the first item of work and labor was performed was July 11, 2005. The date upon which the last item of work and labor was performed was February 26, 2006.

8.      The property subject to the lien is known and described as 144 West 139th Street, New York, New York, being situated in block 2007, lot 61, as shown on the Land and Tax Map of the County of New York.

9.      The said labor and materials were performed and furnished for and used in the improvement of the real property hereinbefore described. That eight months have not elapsed, dating from the last item of work performed, or from the last items of materials furnished, or since the completion of the contract, or since the final performance of the work, or since the final furnishing of the materials for which this lien is claimed.

Dated: New York, New York
       June 26, 2006

                                    CASE CONSTRUCTION CO., INC.

                                    By:_____
                                    Name: Daniel E. Katz
                                    Title: Agent

JUN-13-2007(WED) 12:26    0001                                    P. 006/006

# VERIFICATION

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF NEW YORK       )

Daniel E. Katz, being duly sworn, deposes and says:

That deponent is the Agent and Attorney for Case Construction Co., Inc., the lienor herein, that deponent has read the foregoing Notice of Mechanic's Lien and knows the contents thereof, and that the same are true to deponent's own knowledge, except as to matters stated to be alleged on information and belief, and as to those matters, deponent believes them to be true.

The reason this Verification is made by deponent is that deponent is the Agent and Attorney for Case Construction Co., Inc., which is a domestic corporation. Deponent is fully familiar with the facts and circumstances herein based upon the books and records of the corporation.

                                              _____
                                                   Daniel E. Katz

Sworn to before me this
26th day of June, 2006

_____
      Notary Public

        SARA RUBENSTEIN
Notary Public, State of New York
        No. 02RU6129981
    Qualified in New York County
Commission Expires 07/05/2008

F:\Case\Teams Housing Devel\Mechanics Lien 6.26.06.wpd